CASSIDY ET AL., TAX COMMISSION, ET AL. *v.* ELLER-HORST ET AL., EXECUTRICES.

*Inheritance tax—Sections 5331 and 5332, General Code—Securities of nonresident in safety deposit box in Ohio—Government bonds, foreign corporation stock certificates and municipal bonds.*

Stock certificates of foreign corporations, bonds of the United States Government, and bonds of a municipality of another state, owned by a non-resident decedent and deposited in a safety deposit box in a bank in this state solely for the purpose of safe-keeping, and so kept at the time of decedent's death, are not subject to the inheritance tax laws of Ohio, Sections 5331 and 5332, General Code.

(Decided November 26, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Charles S. Bell, Mr. C. C. Crabbe,* attorney general, and *Mr. Charles W. Baker,* for plaintiffs in error.

---

Taxation, 37 Cyc. p. 1563.

*Messrs. Bettinger, Schmitt & Kreis,* for defendants in error.

BUCHWALTER, J. J. G. Ellerhorst, a resident of Bellevue, Campbell county, Kentucky, died on or about the 29th day of February, 1920. Prior to his death Ellerhorst had been engaged in business in Cincinnati, Ohio, where he owned a business, including certain machinery, and was also the owner of real estate. He had a bank account with the Security Savings Bank & Trust Company, and also a safety-deposit box in the Central Trust Company in Cincinnati, Ohio. When this safety-deposit box was opened, after his death, it was found to contain certain personal property of the decedent, consisting of shares of stock in Ohio corporations, shares of stock in corporations of states other than Ohio, United States liberty bonds, and bonds of Clebourne, Texas.

It is conceded that the real estate, the machinery, the stock in Ohio corporations and the funds in the bank account are rightly held to be taxable under the inheritance tax laws of Ohio.

Upon hearing, the Probate Court of Hamilton county held that all of the property contained in the safety-deposit box was taxable.

The Court of Common Pleas, on hearing, decreed that the liberty bonds, the bonds of Clebourne, Texas, and the stock in foreign corporations were not subject to the tax.

The matter now comes into this court on error to reverse the judgment of the Court of Common Pleas.

The provisions of the General Code applicable

to this question are Sections 5331 and 5332. Section 5332 is in part as follows:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:     *     *     *

"2. When the succession is by will or by the intestate laws of this state or another state or country, to property within this state, from a person who was not a resident of this state at the time of his death."

Section 5331 defines certain words and phrases as follows:

"2. 'Succession' means the passing of property in possession or enjoyment, present or future.

"3. 'Within this state,' when predicated of tangible property, means physically located within this state; when predicated of intangible property, that the succession thereto is, for any purpose, subject to, or governed by the law of this state."

By the last quoted paragraph intangible property is divided into two classes, one, subject to, the other, not subject to, the state inheritance tax. If this were not so, there would be no occasion to make any distinction as to intangible property.

As to non-resident decedents all tangible property, and all intangible property, where the succession thereto is for any purpose subject to or governed by the laws of Ohio, are taxed. "Subject to" means affected by.

The question is, what is the meaning of the phrase "the succession thereto is, for any purpose, subject to, or governed by the law of this state."

Reference has been made to the statutes pro-

viding for the distribution of the money raised by this tax in the case of non-resident decedents as bearing on the question under consideration. These statutes, however, merely determine how the tax, the collection of which is provided for in the preceding sections, shall be distributed when so collected, and does not aid in determining what intangible property is to be subject to the tax.

The property in question is intangible and the devolution of these stocks and bonds is not governed by the laws of descent and distribution of Ohio, but is governed by the laws of Kentucky. It is not necessary to invoke the law of Ohio to secure a transfer of such securities, unless affected by Section 5348-2, General Code, which provides for the inspection of the contents of the safety-deposit box. This provision is for the purpose of permitting the proper authorities to ascertain what assets within this state are taxable, and to secure to the county the payment on such property as is subject to the tax. Such enactment is not for the purpose of compelling the person entitled to the certificates to invoke the aid of the Probate Court to secure possession. To hold otherwise would be to declare that a provision to safeguard the county in the collection of a tax, is in reality a measure to levy a tax.

It seems, therefore, that the succession to the certificates in question, to wit, the stock certificates in foreign corporations, the bonds of the United States government, the bonds of Clebourne, Texas, is not for any purpose subject to, affected, or governed by the laws of this state, and that under our construction of the sections of the General

Code, hereinbefore set forth, the succession to the said securities is not taxable under the inheritance tax laws of Ohio.

The judgment of the Court of Common Pleas will be affirmed.

*Judgment affirmed.*

Cushing and Hamilton, JJ., concur.